UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AT&T CORP., *Plaintiff* | § § § | |
| v. | § § | No. 1:22-CV-00466-DH |
| ACILIS BACKBONE TECHNOLOGIES, LLC, *Defendant* | § § § § | |

### ORDER

Before the Court is Plaintiff AT&T's Motion for Summary Judgment, Dkt. 33. After considering AT&T's motion, the record, and the relevant law, the Court grants the motion.

### I.   BACKGROUND

This is a breach of contract case. AT&T alleges that it entered into written agreements with Defendant Acilis in 2018 and 2019 under which it provided services to Acilis. Dkt. 1, at 3. AT&T claims that Acilis failed to pay all the amounts due for services and other charges, which exceed $95,014.31. *Id.* For Acilis's failure to pay, AT&T brings claims for breach of contract and quantum meruit/unjust enrichment. *Id.* at 3-4.

AT&T moves for summary judgment arguing that there is no genuine issue of material fact that it entered into multiple contracts with Acilis wherein "AT&T would provide telecommunication services to Acilis for Acilis to sell to other end-users at a profit [. . .] Acilis was required to pay for the services that AT&T provided, [. . .and]

1

Acilis failed to pay." Dkt. 33, at 2. AT&T contends that it is entitled to judgment in its favor on its breach of contract claim, or in the alternative, on its quantum meruit/unjust enrichment claim. *Id.*

## II. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not

competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   DISCUSSION

Under the Western District's Local Rule CV-7(D)(2) a response to a motion, other than a discovery or case management motion, shall be filed no later than 14 days after the filing of the motion. AT&T's motion for summary judgment was filed on August 4, 2023. Acilis's 14-day response deadline expired August 18, 2023. AT&T's motion is thus unopposed.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). AT&T has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the motion, irrespective of whether

any response was filed. *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001).

Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at 1 and n.2; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). Accordingly, AT&T's assertions of facts will be deemed admitted for the purposes of its motion. As such, there is no genuine issue of material fact; however, the Court must still consider whether AT&T is entitled to judgment as a matter of law on AT&T's breach of contract and quantum meruit/unjust enrichment claims.

In support of its motion, AT&T submits its contracts with Acilis, monthly invoices sent to Acilis, affidavits of Andrew Schuddenboom, its Legal Associate Director, and the transcript from the deposition of James Wayden Breeden, Acilis's corporate representative. Dkt. 33, at 2-3.

### A.   Breach of Contract

In Texas, "[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.]

2005, pet. denied)). Here, AT&T has established that there is no genuine issue of material fact as to each of these elements.

As to the existence of a valid contract, AT&T presents the 2018 High Speed Internet Pricing Schedule ("HSIA-E"), the 2018 Switched Ethernet Agreement, the 2019 Dedicated Internet and Bandwidth Agreement, and the 2019 HSIA-E Agreement. *See* Dkts. 33-2; 33-4; 33-6; 33-8. Each agreement shows "Acilis Backbone Technologies" as the client, and AT&T as the service provider and is e-signed by representatives from both parties. *See, e.g.*, Dkt. 33-2, at 1.[1] Under each of these agreements AT&T was to provide internet connectivity via copper and fiber, Ethernet transport functionality, and internet and bandwidth services for periods of up to 36 months in exchange for Acilis's payment of monthly invoices provided by AT&T. Dkts. 33-2, at 2; 33-3, at 15; 33-4, a 2; 33-5, at 34; 33-6, at 2; 33-7, at 14; 33-8, at 3; 33-9, at 15.

AT&T performed under the Agreements and billed Acilis for provision of services to various account numbers held by Acilis with AT&T. Dkts. 33-1, at 3; *see also* 34-1 through 34-22 (monthly bills from AT&T).

---

[1] Acilis's corporate representatives' deposition testimony demonstrates Acilis's awareness of the contracts, its obligations under the contract, and alludes to breach. *See* Dkt. 33-10 (Breeden stating "[b]y the contract Acilis was obligated to pay undisputed portions of the services rendered by AT&T. And whether we did that in exact schedule, you know, with the billing or not, I could not say. Probably not because of cashflow."); *id.* at 6 ("we are [. . .] bound to those prices for those number of years, and those contracts had an automated renewal clause in them"); *id.* at 7 ("The services from AT&T that we signed all had attached service level agreements, if not in the documents, referenced in the documents."); *id.* ("I have copies of everything we signed with AT&T with signature. . . .").

Acilis made some payments under two of the accounts and none under the third account. Dkt. 33-1, at 3. Also, some of Acilis's attempted payments were paid with checks that ultimately bounced. *Id.* Acilis now owes $95,014.31 across its three accounts with AT&T, which amounts to $129,498.84 with interest owed on amounts not paid when due under the contracts. *Id.* at 4; *see also* 34-1 through 34-22; *e.g.*, 34-4, at 2 (showing amount of simple and compounded interest on sample bill).

The undersigned finds that AT&T has met its burden of showing that there is no genuine issue of material fact as to its breach of contract claim, thereby shifting the burden to Acilis to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Since Acilis has not responded to AT&T's motion, it has not met its burden. The undisputed evidence demonstrates the essential elements of AT&T's breach of contract claim, the existence of valid contracts between the parties, AT&T's performance under the contracts, breach by Acilis by non-payment of amounts due under the contract, and damages sustained by AT&T of $129,498.84 including interest on the principal amount owed of $95,014.31.

## IV.     CONCLUSION

Based on the forgoing, AT&T is entitled to summary judgment on its breach of contract claim. Plaintiff AT&T's Motion for Summary Judgment, Dkt. 33, is **GRANTED**. Final judgment shall issue.

SIGNED August 30, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE