UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AT&T CORP., *Plaintiff* § § § | |
| v. § | No. 1:22-CV-00466-DH |
| § | |
| ACILIS BACKBONE TECHNOLOGIES, LLC, *Defendant* § § § § | |

### ORDER

Before the Court is Defendant's counsel Adam Pugh's Motion to Withdraw, Dkt. 32. The motion is unopposed. The Court set the motion for hearing, and for the reasons stated on the record in that hearing, the Court continued ruling on the motion until after the Court ruled on Plaintiff AT&T's pending motion for summary judgment, Dkt. 33.[1] The Court subsequently granted AT&T's motion for summary judgment. *See* Dkt. 42. After consideration of Pugh's motion to withdraw, the record, and the relevant law, the Court grants Pugh's motion.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). The matter of attorney withdrawal is "entrusted to the sound discretion

---

[1] In addition to ordering Pugh to notify his client of the hearing, the Court ordered Acilis to appear at the hearing. Dkt. 39, at 1. Acilis did not appear.

1

of the court and will be overturned on appeal only for an abuse of that discretion." *Matter of Wynn,* 889 F.2d at 646.

Pugh states, "there is good cause for this Court to grant the motion to withdraw because Defendant has failed to communicate" with him which has led Pugh "to no longer be[] able to successfully represent" Acilis. Dkt. 32, at 1. Pugh has provided a copy of the motion to withdraw to Acilis and his motion includes Acilis's P.O. box information. *Id.* at 1-2. During the hearing on the motion before the undersigned Pugh further explained that in addition to being out of contact, Acilis has not shared requested documents or information with Pugh that would allow him to make nonfrivolous legal arguments before the Court on Acilis's behalf under Rule 11 of the Federal Rules of Civil Procedure. The undersigned finds that Pugh has met his burden of establishing good cause for withdrawal.

While Pugh has met the burden of showing good cause for withdrawal, the Court must ensure that prosecution of the lawsuit is not disrupted by the withdrawal. As stated above, the Court has ruled on AT&T's motion for summary judgment, thereby disposing of the case on the merits. The prosecution of this lawsuit will therefore not be disrupted by granting Pugh's motion to withdraw.

Pugh's Motion to Withdraw as Counsel, Dkt. 32, is **GRANTED.**

SIGNED August 31, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE